22-2993, Lexington Furniture Industries v. The Lexington Company. Good morning. Jared Kagan of Debevoise & Flinton on behalf of Defendant Appellant, The Lexington Company, AB. I'd like to reserve a few minutes for rebuttal, please. May it please the Court. Appellant has decided on this appeal not to challenge the finding of infringement. Appellant would like to focus this morning and its appeal on the District Court's two legal errors concerning the award of monetary remedies that can be provided in a line-of-mandate case. Excuse me, are you withdrawing that argument? You're just saying you're not going to raise it at all? We're withdrawing the argument, Your Honor. And so we would like to focus on the errors regarding the remedies. So first, the District Court improperly advocated to the jury the question of disgorgement of defendant's profits. Disgorgement under the Lanham Act is an equitable remedy that may only be awarded by the District Court after it considers the five factors that this Court laid out in George Bash v. Blue Coral. Second, the District Court improperly awarded punitive damages in contravention of New York law, which provides that an award of actual or compensatory damages be a prerequisite to an award of punitive damages. May I ask a question about the first point? Yes. You didn't object at any time before the case went to the jury that the jury shouldn't be given this question, is that right? There was no objection, that's correct. And not only was there no objection, there was a charge conference, correct? There was a charge conference.  Our client submitted a request to charge. You are counsel under that? That's correct, yeah. So you, the party, submitted requests to the judge as to what to instruct the jury with respect to its award of disgorgement. Is that the case? That's correct. The award of disgorgement, or having the jury consider the award of disgorgement, is not inconsistent with the equitable nature of the Lanham Act and the court's role to determine what the equitable remedies are. The reason for that is that one of the factors that the court laid out in George Bash is the availability of other remedies. I'm still with the questions I was asking. So it's not just a forfeiture. It's not just a failure to object. You affirmatively asked for that question to go to the jury by saying, here's what the jury should be told about disgorgement. I mean, I think there's a, it is a question of forfeiture. I think as an initial matter, we have to look at Rule 38. I'm sorry, why is the question of forfeiture rather than waiver? The difference being, in one case, we would be restricted to some sort of plenary review, but in the case of a true waiver, the issue is gone. Right, and so I would submit that it wasn't waived because in the jury demand under Rule 38, the only issues that can be demanded to have a jury try are issues that are triable as of right. Well, yes, that's all that the demand entails. But if you agree that something can be put to the jury, then it can be put to the jury, correct? It can be put to the jury, but it's not a waiver of it because it's not inconsistent. Courts have decided or courts have put to the jury the question of disgorgement, and then afterwards it's the court's role to consider the equities. This jury instruction said you should consider whether there's an infringement, and it basically said if there's an infringement, you should award disgorgement, right? I don't have the exact jury instruction in front of me. I mean, it's a proper instruction, and it's proper for the jury to consider. But you're saying that we should understand that instruction to say, okay, the jury gets the question of whether there's an infringement, and then the jury also gets the question of what the disgorgement would be, but somehow implicitly there was an extra step in there where the district court was going to consider the equitable factors before deciding whether the disgorgement award would actually be awarded. So it's not implicit. I mean, we're operating under Rule 39C, which is an inaction not triable as of right by a jury, and that's what we're talking about with the disgorgement remedy under the Latin Act. That is not an action triable as of right. There were issues triable as of right. The breach of contract claim was triable. Yeah, but the disgorgement itself, the award itself, is not triable as of right. It's an equitable remedy, right? It is an equitable remedy. So that was submitted to the jury. It was submitted to the jury. And you consented to that by approving the jury instructions, right? No. What the consent needs to be under Rule 39 is the consent is to try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right. There was no consent to that. And that's why we're under Rule 39C. I'm puzzled, though. The equitable issues go to not just whether disgorgement is appropriate, but how much. That's correct. Well, how is that supposed to be done? The jury then shouldn't be told anything at all about deciding an amount, right? I would direct the court's attention to the Lerzer case, which is cited in our brief. In that case, that's exactly what happened. The jury decided the issue of disgorgement, and the court analyzed it afterwards. The court said that this was the Lerzer case cited in the brief, Southern District of New York, that acknowledged that profits or damages under the Latin Act first should be tried to a jury. But it recognized that the Latin Act not only provides that a plaintiff's recovery is generally subject to principles of equity, but also that a district court should determine whether the jury's award of profits is inadequate or excessive, and if so, enter judgment. Well, but that always happens. Even in a straight legal case where damages are awarded, there's always an opportunity to argue for a remitted term. Right, and the court never considered it. It didn't say a word about it. In the post-trial motion, the court only said that the issue was waived. It didn't even say why, if at all. Well, you didn't ask for a remitted term. You asked for something else. You asked for the judge to decide the entire question of disgorgement, which is somewhat inconsistent with putting the question of disgorgement to the jury with an instruction that doesn't say, Ladies and gentlemen, I would like you to decide the total amount of profits that the defendant earned by infringing, which would be just asking for a special verdict on a fact. Instead, with the encouragement of the defendant, the jury put to the jury the question, If you find infringement, the next step is to decide how much should be disgorged. And that was consented to affirmatively. That was even part of the request of the defendant. It wasn't just that the judge did it, or the judge did it at the plaintiff's request and there was not an objection. There was an affirmative request. I would submit that it was submitted to the jury, of course. I acknowledge that. Yeah, but what was submitted to the jury? It wasn't just a fact question. It wasn't just jury. I would see your point if the judge had simply asked the jury, or you had asked the judge to instruct the jury, that you should determine the amount of profits because anything can be put to the jury to decide a fact question. Right. And then the judge would reserve to himself the equitable question. But that's not what happened here. The instruction was put to the jury, and as was done in Lerzer, it was appropriate for the jury to consider it in the first instance. I don't know whether the court had some sort of discretion. The point is that since the district judge did this, I mean, the authorities are saying that the district court did that once. Of course. That's not really important. First of all, it's not binding on us to say the least. But secondly, that's just saying at most, if that was appropriate, that the district judge could have done that. The nature of this statute, and the reason that this is different from the Broadmax case, it was the same thing. It was put to the jury, and the court held that because there was no objection, there was an implicit consent by silence. And that's what the court relied on. Yeah, but that's not this at all. This is better for the other side than that, because it's not just a question of failure to object. It's a question of affirmatively consenting to that jury instruction, requesting it yourself. I would disagree that it was affirmatively consenting to the instruction, but it was not affirmatively consenting, as it says under Rule 39, to try an issue by a jury whose verdict has the same effect as if the trial had been as a matter of fact. Essentially what you're saying is that the rule requires kind of magic words. The judge has to make the consent, has to explicitly be in the terms of the rule, or it's not really a consent. I would submit that it needs to be an explicit consent, especially in this case where you're talking about the Lanham Act, because we need to consider the entirety of this statute and the purpose of this statute. I mean, there's no constitutional right to a bench trial in any circumstance, is there? There's no constitutional right to a bench trial, but the nature of this equitable statute is there are different remedies that are provided for under the Lanham Act. None of them are awarded as of right upon a finding of infringement. There's disgorgement. There's damages. Just to be clear, is your position that you messed up by not raising the issue earlier, and so maybe it's a forfeiture, but we should consider it anyway because it's a legal question, or you're saying all along you had in mind that this report was going to consider the most equitable factors before awarding disgorgement, awarding the award that the jury decided was appropriate? So I wasn't at trial, and I don't believe that question is in the record. Yeah, but wasn't it written on appeal, I guess is my question. Like, how should we think about this? But actually it's just the way to read the record is the intent all along was that there was going to be some kind of consideration of equitable factors before the disgorgement award was awarded, or you say, well, look, maybe it was a mistake, but it's a pure legal question, and we think it's required that the Court of Appeals should consider it anyway. It's not a matter of intent. It's a matter of consent. It's not a matter of what was being thought about. It's a matter of what was done and what was manifested before the Court of Consent was manifested. Regardless, we don't normally consider new issues, right, in an e-motion. You never mentioned the equitable factors before that, right? Right, but the position is that it's a legal issue, that under the Second Circuit precedent in George Bash, the District Court is required to consider the five factors before entering an award of disgorgement. Well, let's push it further. It's a legal issue, but of course legal issues can be waived or forfeited. That's the whole point of saying we won't consider something on appeal if it's been waived or we won't consider it except by a reduced standard of review. If it's forfeited, that applies to legal issues too. I take it that what you're saying is something along the lines of we consented to something, but we didn't really consent as explicitly as the rule requires, and therefore at most it's a forfeiture for failure to ever mention to the judge before this goes to the jury that the judge has some extra work to do afterwards. And since it's only a forfeiture, we have the discretion to consider this and we ought to consider it because it's a legal issue. It wouldn't require, I take it you're not suggesting there needs to be a new trial in any way. What I'm suggesting is that it needs to be remanded for the district court to consider the profits award and later... The district court needs to consider the equitable factors independently. That's correct. That's all that's required. And therefore, what's the big deal? Since it's a legal issue, we can decide it on our own even if it was forfeited and we could send it back. Is that the formulation of your argument or am I missing something? I'm not sure I followed you. What is it that you're suggesting that this court could decide on its own? Well, that this court can decide the issue of... Well, it can require the district court to consider the equitable factors even though the issue was forfeited because it wasn't fully waived and because being only a forfeiture, since it wasn't the kind of waiver that the rule requires, then we should exercise our discretion to consider the issue and the outcome should be that we send it back to the district court with the instruction that you should now consider the equitable factors. I wouldn't say that it's a forfeiture or a waiver. I would say that the district court... This is a question that we must consider as of right at your behest notwithstanding that your client utterly failed to raise this until after the verdict had been returned, never told the judge in advance that this is something that's supposed to happen, and indeed submitted jury instructions that appear to be inconsistent with the theory that you're now advancing. There's a lot to unpack. Well, there's not much to unpack. Look, the question is, what is the effect of the failure to object? I'm trying to help you here. I'm trying to give you a theory. Can I just say, I know you don't want to say it's a forfeiture, but your position would still be, even if it is a forfeiture, we could still decide on appeal that is a purely legal question and so we could send it back to the district court to consider the equitable factors. Yes, it should go back. Under the court's ruling in George Batch, courts need to consider the five equitable factors. There was no consent that this issue be tried to the jury. But you didn't raise it at all. That is correct. There is a court in the record where there's the mention of Rule 50 motions and the district court just says, well, those are deemed to have been filed, right? And you didn't sort of elaborate on what the grounds were. I mean, might you have raised it before the case was submitted to the jury if the district court had required argument on the Rule 50 motions? It might have been raised, but the point is that it's a requirement. The court cannot abdicate its role as sitting in equity under this equitable statute. I don't understand that, because it is the case that with consent, anything can be sent to the jury. I would agree, but that's… Well, you don't have an absolute right to a non-jury trial. And even a right to a jury trial can be waived if you don't assert it in the proper way. So all of these things are things that are up to the parties to decide how the case is going to go. And the case was tried without any indication. If you're a district judge and you're sitting there and you know that there are issues that you're going to have to decide, you pay an entirely different level of attention to what's going on, because you know that you're going to have to make fact findings and conclusions of law. If everybody's sort of humming along on the assumption that this goes to the jury, you can do your Christmas shopping on the bench. I've done it. Because you're not at the same level of intensity. So the district judge is suddenly getting sprung with the question, oh, now you have to go back and essentially decide a bunch of largely factual issues about what you think is appropriate and fair. But the judge was never alerted to that until after the whole case had been tried. That seems to me, from the perspective of a former district judge, not the way this game is played. That's my problem with this case. I'm prepared to concede, at least for the sake of argument, that you're absolutely right that the way this should have ended up, if the parties had insisted on their rights, is that the jury at most would be asked to decide a few fast questions about how many profits were there and what's the causation or something like that. But the district court at the end has to do this equitable decision. But like anything else, you can give it up, and we're just trying to figure out what is the rubric that gives us any reason to disturb that. Right, and again, I think it goes back to Rule 39C, and we're talking about an action that is not triable as of right by a jury. Discouragement is not triable as of right by a jury. Well, the amount of discouragement is also not triable as of right by the jury, right? That's correct. So does that mean the district court should not credit the award by the jury, even though everybody agreed the jury was going to decide the amount of discouragement? The district court still needs to assess whether it's equitable under the circumstances. The jury can calculate it. The jury can assess it. Okay, but regardless of the language of the rule, I guess your position is, well, we consented to the jury instructions, but the jury instructions just overlook this step about the equitable factors, and it wasn't really addressed, so we shouldn't really say that it's a positive waiver. So at the very least, maybe we should have raised it at some point or alerted the district court to that point, but it's a pure legal question, and so even if it was overlooked, the district court should have fixed it through the Rule 59 motion, and so on appeal, we should do the same. Is that also a plausible argument? Yes, it should be sent back to the district court. Explain to me how it is consistent with your requested jury instruction that the jury shall determine the amount of discouragement. To have the judge come back and say, well, actually, on equitable consideration, it should be half that. That's exactly what judges do all the time. That's what happened in Mercer. That's what the Lanham Act authorizes. The Lanham Act says that the court is supposed to assess it. No, no, no. You continue to miss the point. The point isn't what should in an ideal world happen. The point is not what did you have a right to do if you asked for it to be done. The question is, is it not, when you're saying, you're sort of glossing over, when you're trying to minimize the effect of the instruction that you requested, you're glossing over the fact that the instruction requests the jury to decide the amount of discouragement, and you're saying, oh, no, no, that's not what it meant. It really meant something else. They're not supposed to assess the amount of discouragement. They're supposed to do something like figure out what profits were earned so that the judge has that fact-bonding to which the judge can apply equitable rules. But I'm suggesting that there is a direct inconsistency between telling the jury to decide what the amount of discouragement is and insisting that that question should never have been put to the jury. I'm not suggesting it should never have been put to the jury. What I'm suggesting is that the court needs to do some work after that. The district court needs to do work after that to assess that. You see, if that had been the argument made to the district court, I'd have no problem with that. I'd have no problem with that. If it was okay, well, let the jury decide something, but then you still have to do the equitable factors. But what was put to the jury at your request was the amount of discouragement. But I don't see an inconsistency there, because the jury could consider... Because you're now saying that what that actually meant was the jury should not decide the amount of discouragement, and so there was no consent to have the jury decide the amount of discouragement. There wasn't, but what the consent was not, the consent that was not there, was to not have the jury decide it as if it had the same effect as if the jury trial had been a matter of right. The jury could decide it, and the court could assess it afterwards, and that's what the court was supposed to do. It was supposed to assess the award... How would the court know that you're not consenting to that? So do you disagree that it's possible that you could have consented to have the jury decide the amount of discouragement? There could have been a consent. Parties could consent to that, right? Parties could consent, but there needs to be a consent. So if we look at this record and it seems like you consented to that, why shouldn't we conclude that's what it was? How is the district court supposed to know that you consider the jury award of discouragement only advisory? Did anybody tell the district court that? No, it's not that it was only advisory. It seems like you're suggesting there's an implicit consent or looking for an implicit consent. I'm not looking for an implicit consent. I'm looking at an explicit consent that the jury should decide the amount of discouragement. What was the jury told about how to decide? Not as if it would be as a matter of right. So those magic words need to be there is what you're saying. There needs to be some clear manifestation that that is what is being consented to. I'm still having trouble understanding why this isn't a clear manifestation, but can you answer my other question? What was the jury told about how to decide what the amount of discouragement was? You mean in terms of calculation? Were they told the amount of discouragement is whatever preference they make, and that's what you're supposed to do? They were given an instruction. I don't have it in front of me. I could pull it, but it was something to the effect of the revenue minus the cost, and there were some more detailed instructions on that. So the jury was told to make at least some of the considerations that the judge is now supposed to remake. It's not supposed to remake. The judge is supposed to consider what the jury did, and it's supposed to consider the equities. It's supposed to consider in conjunction with the permanent. Just to clarify, I take this point, but it still would be accurate to say even if you had overlooked the question of equal factors and it had been forfeited because you never raised it in this report, it's still something that on appeal, because it's a purely legal issue, you could raise and say that the district court still should consider it. That's correct. Even if we didn't file the post-trial. So that's discretionary. So then why is it that we should exercise discretion in this case to say the district court, assuming there was a forfeiture, why should we exercise discretion in this case to say the district court should have considered on the Rule 59 motion that equal factors were just in effect? I'm not sure I completely follow. Let's say we think that you should have put the district court on notice of this but you weren't consenting, right? So it's a forfeiture at least. It still means we have the discretion on appeal to reach the question, right? It's a legal question. Right. So why should we exercise that discretion? It goes back to the nature of this statute, that the Line Act is equitable in nature, and a disgorgement of profit is not awarded as of right upon a finding of infringement. It needs to be considered in conjunction with all the other possible remedies. Here's the problem. Again, the jury was not told anything like that. The jury was told you consider the amount of disgorgement and this is how you do it and you consented to that. But the jury doesn't need to know that a permanent injunction is entered. I'm looking at is there any consistency. You keep saying, well, we didn't consent in the explicit words of the rule. Okay. But is there not a total inconsistency? It's not just the jury is told consider the disgorgement. With your over-consent at your request, the jury is told and this is how you do it. Now that may be a legal error. Maybe that's not how the amount of disgorgement should be addressed. But the jury was asked to do that at your request. So in effect, there is a consent that not only this is we're giving this to the jury, but we're giving it to the jury on particular terms that are not consistent with what you maybe correctly say is the law. So why isn't this just again a question like comes before us routinely all the time where the jury was misinstructed about what its role is and what it's supposed to do and how it's supposed to calculate something like disgorgement when, in fact, they should never have been asked to consider disgorgement in the first place. They shouldn't be considering the true amount of disgorgement as just profits minus expenses. That's all wrong. And you not only failed to object to those jury instructions, but affirmatively asked for them. The jury, it sounds like you're suggesting that because we told the jury something that that's what's binding. The jury doesn't need to know. I mean, there was a permanent injunction that was entered. The jury didn't know, and that wasn't part of their instruction. Indeed, indeed. There was a permanent injunction instructed. And you remember, of course, how that happened. The judge said, and I'm supposed to do the injunction, right? And everybody said, yeah, right. And nobody said, and not only that, you're not supposed to tell the jury to calculate the amount of disgorgement. You're supposed to calculate the amount of disgorgement also as an equitable matter applying the factors that the Second Circuit has set forth. It's not inconsistent to have the jury do it in the first instance as what happened in Lerzer. That's exactly what happened there. The jury considered it, and that's what the court said. It should be first tried to the jury. That's what happened. Why? I'm sorry? Why? Isn't that wrong? I mean, that's wrong. It shouldn't be tried to the jury at all. Well, there was a jury sitting, and the court can consider what... If they have an advisory verdict, they can do all kinds of things with the party's consent. And if that's the way that case was tried, and the district court did it, and nobody appealed, and he came to us and said, no, it shouldn't be done this way, it shouldn't be done that way, that's just something a district judge did, because that was the way the case was put to the judge. But the two parallels there, between here and there, is that the parties did not consent to have it tried by a jury whose verdict has the same effect as if a jury trial had been as a matter of right. That wasn't consented to there, and it wasn't consented to here. I acknowledge readily that the instruction was put to the jury, but the consent that was provided was to consent to give the jury instruction. It wasn't to have whatever they decided to be binding as if the trial had been as a matter of right. Why wouldn't that be the normal understanding, that the jury's verdict was going to be binding, so that's what jury verdicts normally are? Not in this case, when you're talking about an equitable statute that looks at all the remedies, and you have to... So you're saying it would have been impossible for you to consent to have it tried to the jury, unless you explicitly said we consent. Can I ask you, why is that the rule? If you're consenting to have something submitted to the jury, then the understanding is you're going to be bound to the jury verdict. Again, what happened in Broadnext, there was silence. It was submitted because there was no objection to the instruction, and it went forward to the jury. Would it have been better if you had raised the question, if the jury had instructed the equal factors, or if somebody had said in this report, you're going to have to do the equal factors, because the witness said that's a step that's required before the award of discouragement is given. I would agree that it would have been better, but that doesn't change the fact that there is legal requirements and equitable factors that the court needs to consider. Sure, it would have been better, and we wouldn't be talking this discussion necessarily right now. But the court held in George Bash that there are equitable factors that need to be considered before an award of discouragement can be entered, and that just simply wasn't done here. And so I would submit that. Even if it was a mistake to instruct the jury to this extent, you're saying the judiciary court should have realized that that was a legal error and fixed it in a Rule 59 motion. Even if the jury verdict was binding, even if you had all consented to have it be binding, there was a legal error in just saying because there's an infringement, there's going to be an award of discouragement. And so the district court should have fixed that when they raised it in the Rule 59 motion. Yes, and particularly in conjunction with the permanent injunction, because when another equitable remedy was awarded, it was incumbent upon the district court to consider whether, meshed together, an award of discouragement and permanent injunction work the equity that's required under the Line Act. Right, so even though the district court is awarding an equitable remedy in the injunction, the district court would have to decide whether maybe that's a sufficient remedy across the board, right? Correct, because courts have said, this court has said that an injunction alone... And there's evidence in the record about why it might have been sufficient, right? Because there was testimony that your client didn't make any profits during the relevant period. Correct. And so maybe, and there isn't very strong evidence that the plaintiff suffered damages, so maybe the injunction would have been sufficient. That's correct. And so if the district court is deciding whether it's a granted injunction, an equitable remedy, it's supposed to decide whether that's a sufficient remedy. Correct. And so even if everybody had consented to have the jury award discouragement, the district court should have realized that that just doesn't follow from a finding of infringement and should fix that problem. That's correct, because when they... So that is to say that even if there are no need for magic words because the magic words wouldn't have sufficed, you'd still be here making the same argument if there had been a signed, sealed, and delivered written consent in the exact words of that rule because it's a legal requirement and it's not waivable and the judge should have fixed it once the judge realized that this was a legal requirement. I mean, I think that's correct. I think there might be a scenario that we don't have before us where there could be some consent, maybe that parties agree that there's not going to be a permanent injunction and they're going to consent that the only award that's available is a discouragement. I don't know, but that's a possibility. But once you get to the point of considering the other remedies and the permanent injunction and whether an award of profits is appropriate in light of the permanent injunction, equitable factors... Why don't you go the other way? If once you consented to the jury deciding on the amount of the discouragement, why shouldn't that be relevant to whether there should be a permanent injunction? Because the permanent injunction under the Lanham Act is that... It serves a different purpose. That's not what I was going to say. That's what the typical remedy is. And what this court said in the Carl Zeiss case is that where a permanent injunction can satisfy the equities of the case, it might not be necessary to award any monetary relief. And that's something that needs to be considered. And that's why all of these remedies and factors need to be considered by the district court judge. It needs to weigh the equities. It needs to consider whether, in light of the permanent injunction, whether discouragement is appropriate. Maybe it is appropriate. And if it is appropriate, does it need to be higher or lower than what the jury considered or what the actual profits are? The court's given us... Thank you for speaking. We've kept you well over your time. And I think we have your argument reserved for two minutes to resolve. Okay. When I return, can I address the punitive damages argument? Yes, sir. Thank you. Well, then you consent that they get some extra time because they will not have had an opportunity to respond to what you say on rebuttal that you didn't say in your argument. Yes, I will agree that they can respond to the punitive damages argument. May it please the court. My name is Amanda DeFord, and I'm here today on behalf of the appellee, Lexington Home Ryan. I'd like to address the discussion that the court just had with Mr. Kagan regarding the award of the discouragement without the consideration of cost factors as well as punitive damages. And if there is time, some of the new arguments they raised in reply on the pre-2017 infringing sales. Starting with the Bosch discussion, as Your Honor has recognized, there was affirmative consent in this case under Rule 39. And no less than four instances did the appellant multiple times ask for this issue to be submitted to the jury on a binding basis. Did they use the word binding? No. But it is not an appropriate read of the rule or an appropriate standard of place on parties to require them to expressly use the word binding to find that consent to be so. Well, and furthermore, they also asked for the jury to be instructed as to the legal standard for discouragement. You're correct, Your Honor. And that was, at least by their argument today, wrong. Because discouragement is an equitable thing that requires a lot of other considerations. But they agreed to have the jury told not just you decide discouragement, but here's how you do it. I would agree that they definitely asked the court to have the jury not to say decide discouragement, but here's how you do it. I would disagree a little bit that it's wrong. The Lanham Act has a two-pronged structure to it. The first is the assessment and the award of discouragement of damages. The statute is very clear it could be done by the court or at the court's discretion, meaning that the court can give that job to the jury. It then has a later component that allows the court upon a motion or remediator, or in this case, an equitable adjustment, to change that award at the equities they require. It is noteworthy that below on the Rule 59 motion, the appellant did not ask this court to make an adjustment based off of any of the Bosh factors, let alone the fact that the plaintiff below, and the appellee here, had asked for a permanent injunction and those motions were pending at the same time. And so I would submit that it would actually be an error to have this issue remanded to the district court to apply the Bosh factors under this later discretion that allows them under principles of equity to adjust that award up or down because the appellant never asked them to do so and they certainly cannot today fault the court for not doing something they never asked them to do in the first place. I'm sorry, but is it in the Rule 59 motion, a motion to modify the verdict? It is, Your Honor, but when they made... They didn't even want the verdict modified in light of the Bosh factors. They did not. And so if you look at their lower briefing or their briefing on below, which I believe is in the record at... The appendix at 1042 and 1043 is their opening brief and their reply brief is 1128. It actually makes quite clear that the only adjustment they were asking the court to make was based on their argument that they had proven costs that were deductible that the jury had decided were not. They do not ask at any point for the court to find that the equities or the George Bosh factors justify an adjustment in the award in this case. And so for that reason, I would suggest that it would not be appropriate to remand on those issues because those are what issues have been waived. Well, but you don't disagree that before an award of discouragement is given that you are supposed to consider the equitable factors, right? I would agree that... That is a general principle that we have articulated and the statute seems to envision or we said the statute requires. It is a general framework that the equitable considerations... Is it a mistake? Even if everyone consented to it, wouldn't it have been a mistake to tell the jury that if you find there's an infringement, you automatically give an award of discouragement? That would have been a mistake, Your Honor, but I don't believe... If that's a mistake, then even if they didn't raise it at all, even if it's just a complete forfeiture, but they raised it now, we could say, well, you forfeited it or we could say, well, it's a pure legal question and so we could decide it, right? We still would have discretion to say that the district court should consider that question. So if this had been a case in which the jury was told that they had to award discouragement, I would agree with you, but that's not the instruction that the jury was given. The damages instruction in this case was a may standard that they gave. Right, so again, here's how you find an infringement and that if there's an infringement, you may award discouragement, but it doesn't tell them why you might not. Isn't the implication of that that if there's an infringement, you're going to award discouragement? I mean, if I were a juror, that's probably how I would understand those instructions. Is that not right? I don't think it is and I think there are instances where juries do find infringement, but they don't find that an award is appropriate in a specific case and they'll render a verdict of zero or lesser amounts than the plaintiff seeks in this case. What I would say is that it is not a legal error to instruct the jury on that because there is that backstop with the second portion which allows them to go to the court after the fact and say, inequity, please consider the Bosh factors and decrease the award or decrease it to zero because the equity is so required. So it is not a legal error to ask the jury and to not instruct the jury on equitable factors because juries don't consider equity. That is correct. There is a backstop in that statute that allows a court to undo that should the equities require, but they have to ask the court to do that and they did not in this case. And so for that reason, we would suggest that the court's intrusive judgment on the jury's award of, I'm sorry, discouragement of damages was appropriate I'm sorry, I'm looking at the brief that you cited. In 24, there is a section of this, of the Rule 59 motion that says, infringement is an issue for the court where discouragement is the only remedy sought by the plaintiff. It's the main argument. It's argument A. It is. 1036, because discouragement is an equitable remedy, the jury's verdict is advisory and the court must make its own finding, law, and fact. It is. It's not exactly the argument they are making here. It is the argument they are making but it is not the argument that Your Honor asks should justify remand. So the difference between the two is that in their brief, the main focus of that portion of their brief was to argue that the court had to make its own findings of fact. The jury was advisory in nature. But if you look on in that argument section, they don't actually ever apply. Okay, so what you're saying is the way they made the argument was they were saying the jury's verdict was only advisory and you should therefore enter the order of discouragement to begin with. But what they should have said was, okay, the jury has awarded this order and you should modify it based on the Bosh factors. But isn't that enough to say that they raised that question? I mean, they say it's an issue for the court to decide and it was not, you can't give the award without considering the approval factors first. I would say no, Your Honor, and it's because if you actually look at the application of it, sure, maybe they raised the issue that it shouldn't have been advisory but they don't ever ask the court in that motion to apply the Bosh factors. Even under that part of their Rule 59 motion, they cite the Bosh factors but the only argument that they raised substantively is that their business position is that they lost allegedly $4 million by operating... If the enforcement is not automatic, the court must provide findings. And it's citing all these authorities. It is... Actually, if you look at it, it's a pretty strange argument that infringement itself is an issue for the court that has to be decided which is rather more dramatic than any claim with respect to whether disgorgement is an appropriate remedy for an infringement that has already been determined. I guess maybe we should ask this case again if that's the position that they're advocating that the judge has to decide in the first instance now whether there was an infringement because that's the argument that was the lead argument below. Certainly, and I will say, Your Honor, I think their argument is clear if you read it in full. It is broken up into separate sections where they do say that this is an advisory verdict only which I submit to this court they've consented to that. That issue is... I understand there's different arguments here. But just to be clear, so on 1046, they say, because defendant earned no profits is working as improper. Section 1117A of the Lanham Act allows clients to recover a defendant's profits though with no loss  So, I think that goes on to say because the equitable factors say that if one of them didn't make any profits, that means that the scorchment is improper. So, doesn't that just make the argument they're making now on appeal? I don't think it does, Your Honor, merely for the fact that, again, the Bosch factors consider a number of things. And what Mr. Kagan has focused on in both the reply and in his argument today is the availability of an injunction. That was not something that was submitted to the district court. Again, their only argument for an equitable adjustment, even if you want to... I'll read the rest of the record. But if they had just said, well, at least one of the Bosch factors, which is the profits of the infringer, points in the direction of there should not be scorchments, isn't that reason enough to tell the district court, well, you should go back and look at that and make sure the board of scorchments is justified? I would say not, because if you look at the later part of the rule 59, they do ask for that equitable adjustment. They raised the same arguments. There is no reason to go back because he did look at the record on cost and the evidence before the jury on the issue of cost. He rendered a substantive opinion on that issue. The jury was told to take the revenues and subtract the costs. That sounds to me like they are asked to calculate the profit. That may not be the best way to decide the profit, but once again, that's the instruction they were given as the defendant's request. So, the jury did decide under the rubric that the defendant suggested here is the profit. That is correct, Your Honor, and the instructions were a little more detailed in terms of the burden that the defendant bore on the cost. And there was actually a number of substantive jury questions that were answered on the record with consent of both parties going into how to calculate costs in this case. It was a heavily discussed issue. And based off of that, the jury did issue an opinion that the award would be proper to be compensatory in this case. I see that my time has gone over. I am happy to thank you. So, to turn to the punitive damages issue, the appellate challenges punitive damages award in this case under the entire basis that the actual damages or disgorgement must be compensatory in nature. The Supreme Court said the same when it articulated the three factors that can tie into a award. Relying entirely on New York law, the appellant suggests that an additional test has to be made to find a nexus between the profits disgorge and the plaintiff's harm. The record assuming that test applies is satisfied. It truly requires only that there be some causal nexus. As the district court articulated in resolving this issue below, there's an abundance of evidence in this record that the appellee was harmed by the infringing conduct, including dozens and dozens of instances of known actual confusion, which is quite rare in a trademark case. On the sufficiency argument — that is one of them, there was a testimony specifically of at least 25 designers, but each of those designers represents countless customers that that designer is shopping for. There were also instances of known confusion within the New York design center for the appellee that is here in New York where people came in looking for the appellant's products. There was an issue of confusion with a category manager which is  luxury online site that's equivalent to Wayfair where someone who is familiar with my client's product was placing the appellant's product side by side under the mistaken belief that they were the same again causing certain loss to my client. So there are a number of instances in the record that would support that. And the punitive damages instruction was careful to tell the jury that in awarding punitive damages they could only do so if the punitive damages awarded were proportionate to the actual harm suffered by the plaintiff and the award of compensatory damages given. With respect to the evidence to support the punitive damages award, there is no dispute that the standard for punitive damages under New York law can be satisfied through showing a conscious disregard for the rights of others, through concealment of your actions, and through knowing harm that you were causing. And there are numerous instances in the record to show that those factors are satisfied here, including evidence that when my client reached out to try to resolve this issue and told my client that they were not engaging in infringing acts that they were engaging in, admissions by the CEO that he knew of actual confusion and they took no responsibility     numerous instances in the record to show that the CEO of the appellant that there were basic steps they could have taken to reduce or eliminate infringement on social media and they chose not to take them. So that's the application of the BOSH factors. So I understand you're focused on whether we should reach it or not, but if we do, are there BOSH factors that point in the direction of the other side? So one of the BOSH factors is whether the infringer has profited. Right? And so there is testimony that they suffered a $4 million loss during the time. Does that mean that one of the BOSH factors points in the direction of not rewarding this infringement and maybe an injunction would be sufficient? It doesn't, Your Honor, and the reason why is because if the entire record is considered on the cost, the court actually found that the majority of the cost that the appellant tried to submit in this case were not appropriate for consideration because the appellant didn't meet its burden to actually differentiate their overhead costs from non-infringing goods to infringing goods. And so when they tell you that there's a $4 million loss, they're taking the bottom line of their profits and loss statement and adding it together to come to that number. Okay, so you're saying that that's actually just not accurate. Not accurate. But if there is some evidence from which somebody is arguing that they suffered a loss, shouldn't the court consider or should consider before deciding if it's appropriate? They should  you just said, which is that actually they didn't suffer a $4 million loss. And I believe that the court did that, Your Honor, because on the second portion of their rule 59E motion where they do ask for the equitable adjustment based off of their opinion or their stance that it's not equitable in this situation to award something where there is no profit in their position, the court did go through and discuss the cost basis. It discussed the cost basis that was presented at trial. It discussed the cost basis that they tried to present for the first time on a rule 59E motion. And the court found over and over and over that there were no profits. And I will note that the court found there was no cost that could be deducted and that the jury had properly considered those issues and there was no reason to upset that issue. I will note that it is also a very well settled principle that the Supreme Court has issued and set in place since 1942 that the shifting burden is to prevent instances where the plaintiff in a case is unable to show those costs even if there is a windfall. And that is a principle that has governed trademark law and governed application of these principles of equity since 1942. I would submit that he did consider that even if he didn't consider it directly under the Bosch framework. This is not an instance where there is a clear error in allowing the jury to award $1.6 million regardless of whether they claim they operated at a loss in the United States. With the court's brief indulgence I will turn to the final argument which is their argument on reply to say that the court should have taken out the pre-2017 infringing sales that were from the in-store only. Their arguments both misunderstand the factual record but they also misunderstand the legal framework that governed the breach of contract case. On reply they argue that the contract did not require them to use the Lexington clothing company as a primary identifier within the store. That is incorrect. The appellant asked the court to construe the agreement that way. The court did so in his opinion which I can give your attention to.   they argue that the court should have taken out the pre-2017 infringing sales that were from the Lexington clothing company as a primary identifier within the store. Beyond that, there is also evidence in this case that would show infringing use back in 2012 on the care tag which is also testimony provided by the appellant CEO. Finally, even though they try to separate out this idea of social media advertising as being distinct from the pre-2017 in-store sales, the court found that the jury could have included the pre-2017 in-store sales in the award. There are no further questions. If permitted, I would appreciate the opportunity to respond to any questions  the jury has. Thank you. If I could just correct a couple of things and then address the damages of the work. First, the post-trial motion of the appellant did address the Georgia bash factors on record page 1044. We have that. We certainly did address the Georgia bash factors. Mr. Ford mentioned there could be a scenario where a jury finds infringement but awards $0. Under that scenario, the court would still need to assess whether or not that's an appropriate award. Mr. Ford cited the injunctions basically need discretion to decide whether or not to award discretion. The jury could have said there's an infringement but we don't want to award discretion. Mr. Ford mentioned a 1942 case. I would note that that's pre-Lanham act. There's no    not it's equitable. Plaintiff is not supposed to get a windfall. The 2017 issue that Mr. Ford just mentioned, that was mentioned in our opening brief. If I could address the punitive damages issue, it doesn't sound like from Mr. Ford's comments that the appellee is contesting that compensatory damages are necessary. As an initial matter . I think there's two points. I believe in their brief they argued that you don't need compensatory damages. What I'm hearing now is that argument. You need a finding of harm. You need compensatory damages. Why is that? No, that's what this court said. An award of punitive damages requires a finding of actual damages. You're ignoring the way the case was put to the jury. One of the things that often happens in the practical world of the district court is that there are overlapping federal and state issues. In order not to confuse the jury about the issues, often the factors are somewhat condensed. No one requested that the jury make a finding of specific award of compensatory damages under New York law as a separate issue in the case. I assume because the assumption was that if the jury found that there were improper profits, that there was implicit in that finding that there had been actual harm and the damages are inflated into the dischargement. No one suggested that that happen. Instead,      go directly from the district court and the district court and the district court and the district court and the  court . The instruction on punitive damages says that the amount of punitive damages must be reasonable and proportional to the potential harm suffered by a plaintiff and the compensatory damages that you awarded. There needs to be compensatory damages. There was not a lie under compensatory damages. So what meaning does that have other than the damages which to a reasonable juror sounds like a regular damage and now we consider punitive damages. If you want to do   can do it.  can do it under the federal law. There is a lot of cases that are not decided that way. I used to try cases all the time. Never told the jury  that they should do it this way. If the plaintiff is seeking a damages award in the form of punitive damages that has a legal prerequisite it is incumbent upon the plaintiff to put that. Why isn't the discouragement compensatory damages. He said in the court there were different purposes. You can't have both. Could the jury or district court have awarded both discouragement and compensatory damages. It is under the line act. It says damages and costs can be awarded. If the plaintiff comes forward with damages that could have been considered. With respect to what you are saying. Was there any objection to putting to the jury exactly the way it was put. Was there any issue of you need to have a line item finding and compensatory damages rather than you moved on. If the plaintiff is seeking punitive damages they need to satisfy the legal prerequisites. With respect to your question judge the New York state law punitive damages are only available under New York state law. There is no dispute about that. We look to New York state law. You can award damages under one. That's correct. The New York court of appeals and EJ Brooks discuss in detail when a damages under the unfair competition law can be compensatory. Profits must be measured by the loss of the plaintiff's commercial debt. If the plaintiff  have any loss you wouldn't award it. One of the factors is whether the plaintiffs have suffered harm. In order to  that, the measure of the damages is by the infringer's gains, but you don't award that unless there is harm to the plaintiff. I don't think that's right. In George Bash the court said that discouragement can serve a deterrence factor. The court said actual harm is not necessary. That's why there are two separate awards. You can have damages and discouragement. It's equitable to give discouragement if you have willful infringement but it doesn't automatically mean that. It goes into that in detail. Let's set this back on the equitable factors. The plaintiff does not need to show that it suffered any harm in order for you to allow the award to go forward. That's your position? We would argue that it's not appropriate but it's a factor that the court can consider deterrence as a sole factor. My point is that the discouragement award cannot serve as a predicate for compensatory damages. In order to have it be compensatory the plaintiff needs to demonstrate that whatever loss they suffered corresponds to the defendant's gains. That's what the issue is. In order to have punitive damages you need to have compensatory damages. There were no compensatory damages. The punitive damages award should be vacated. Thank you. I'll be very brief and just address a few questions that the court had. The first is that this was again something that the appellant consented to with how the verdict form was presented to the jury. That's that appendix 358 to 359. They agreed that they were overlapping claims based on the theory of recovery. On the issue of whether the discouragement is compensatory I would suggest that   should not be compensated for that. That would include the proxy for actual damages because it is very difficult and trademark cases to prove actual loss as well as the unjust gains or the unjust enrichment theory. When there is evidence of actual confusion and intent both of those factors are satisfied and justify the compensatory nature of those awards. You could have an award of discouragement just to serve a deterrence purpose even if there isn't any harm to the plaintiff. You certainly could in other cases. I think there is a basis to award discouragement in this case. If we have a case in which the award is given for a deterrence purpose can that serve as a predicate for damages? If it is solely for a deterrence purpose then no. I don't believe it would. It would fall under the category. Is it a finding by the district court that the award is given for a deterrence purpose? I would disagree with that because the record reflects that there is more than sufficient evidence. There should have been a finding          I don't agree with that. I don't agree with that. I don't agree with that. I don't agree with    agree with that.    award officially offered a deterrence purpose all the time then it would have served a purpose. We can decide now looking at the record that we can affirm the award anyway? I would disagree with that your honor. I think because the unfair competition damages under New York law have a proxy basis to them there does not need to be a compensatory purpose. I am not saying under every case it will serve a compensatory purpose. I will say going into a case there are different bases on which you can award discouragement of profit including the two bases that would satisfy the requirement of punitive damages. Only in a case where there is a risk or a question as to whether it should be removed from the case. That is not the case here. I will also note once again the way the judge put this to the jury was proved by both sides. There was an overlap between the two findings and you could proceed to the punitive damages directly after deciding the discouragement award. No one suggested that there needed to be some separate element with respect to the punitive damages that you needed to make a separate finding of whether and how much actual harm was  by the punitive damages. The jury instructions are clear that to make an award of punitive damages, they have to make sure that any award is reasonable and proportionate to actual harm. There is an instruction that if you don't find that there is reasonable and proportionate to the actual and potential harm suffered by the plaintiff and to the compensatory damages. There is a comma there. The actual and potential harm suffered by the plaintiff and the compensatory damages that you award. There is an instruction that if you  that there is reasonable and      suffered by  plaintiff and the compensatory damages, there is an instruction that if you don't find that there is reasonable and proportionate to the actual harm     compensatory damages,  an instruction that if you  that there is reasonable and proportionate to the actual harm suffered by the plaintiff and the compensatory damages, there is an instruction that if you don't find that there is  and proportionate to the actual harm you could have raised in the jury instructions the point that there is a problem here because you are telling the jury to make the punitive damages proportional to compensatory damages but you don't have the consent that basically these things overlap and that at least on the facts of this case and at least on the way this case was tried the disgorgement remedy is serving the purpose of compensatory damages in effect it's not about the abstractions it's about how this case was presented to the judge and to the jury I would agree with that I don't think to answer your question your honor you can say in every case where there is a disgorgement reward punitive damages that's not what we were suggesting this specific case we were saying that is appropriate because of the jury's finding and the judge's conclusion there was actual harm that was reflected in the disgorgement reward the last thing I will say is again that the appellant knew at all times going into this case that we were only seeking disgorgement of profit it is noteworthy that they never raised that issue at any point they never said that there can't be punitive damages because you are only seeking disgorgement you are not seeking compensatory damages never argued at least until after the verdict correct I thank the court for their